**EGBERT et v COOPER, Treas, etc, et**
**MULL et v COOPER, Treas, Etc, et**

Ohio Appeals, 9th Dist, Summit Co

Nos 2302 & 2303. Decided March 21, 1934

Brouse, Englebeck, McDowell, May & Bierce, Akron, for plaintiffs.

Ray B. Watters, Prosecuting Atty., Akron, and Clyde B. MacDonald, Asst. Pros. Atty., Akron, for defendants.

**OPINION**

By STEVENS, J.

It will be observed that the pavement constructed under the foregoing proceedings was a pavement in excess of 20 feet in width; and further that the resolution passed by the board of county commissioners with reference to assessing a portion of the cost of the improvement against the abutting owners provides as follows:

"Be it Further Resolved, That the board of commissioners of said county, does hereby propose to co-operate with the director of highways in the reconstruction and widening of state highway No. 17, by assuming and contributing approximately 25 per centum of the cost thereof, inclusive of engineering, preliminary contingencies, and other incidental expenses; 50% of which, exclusive of bridges and culverts is to be specifically assessed against the abutting property, under method four of §6919, GC."

This resolution specifically provided for assessing against the abutting owners, one-half of 25% "of the cost thereof," not of the cost of the portion above 20 feet in width, but of the cost of the entire improvement, and hence definitely places the legislation of the board of county commissioners within that portion of §1193, GC, which the Supreme Court of this state has declared to be unconstitutional.

**Davis et Board of Commrs, etc v Wiemeyer, 124 Oh St 103.**

The fact that the portion of the cost of the entire road agreed to be paid by the county, and attempted to be assessed against abutting owners, does not exceed the maximum amount which the commissioners could have agreed to pay for the construction in excess of 20 feet in width, has no saving effect upon the legislation as passed.

That legislation was passed in pursuance of an unconstitutional portion of a statute, its very foundation rested upon that portion of the statute, and when that portion of the statute was declared to be unconstitutional, the basis upon which the commissioners' legislation rested was withdrawn, and they cannot claim that some other legislation would have rendered the assessment valid.

It cannot be said that the commissioners, in agreeing to pay one-fourth of the entire cost of a 30-foot road, arrived at the same figure which they would have reached had they been asked to pay a part of the cost of that portion of the road in excess of 20 feet in width.

Our conclusion is the same as that reached by the Court of Common Pleas.

The relief prayed for in plaintiffs' petitions will be granted, and a permanent injunction allowed to issue, with exceptions to defendants.

WASHBURN, PJ, and FUNK, J, concur in judgment.